**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4017

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUAYSHAUN LAQUAN BANKS, a/k/a Brisco,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:20-cr-00045-D-1)

Submitted:  April 18, 2024                                          Decided:  July 11, 2024

Before RICHARDSON and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quayshaun Laquan Banks appeals from his 114-month sentence imposed pursuant to his guilty plea to distribution of cocaine and crack cocaine. On appeal, Banks challenges the district court's findings at sentencing regarding the attributable drug quantity and the court's imposition of enhancements for possession of a dangerous weapon and use of violence. Finding that any error was harmless, we affirm.

Under the "assumed error harmlessness inquiry," an allegedly erroneous application of the Sentencing Guidelines does not require reversal if we can determine that the asserted errors are harmless. *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). To reach this conclusion, we must find that "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (brackets and internal quotation marks omitted).

Here, the district court expressly stated that, irrespective of the correct Guidelines range, a 114-month sentence was warranted under the pertinent 18 U.S.C. § 3553(a) factors. Thus, the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), thereby satisfying the first prong of the assumed error harmlessness inquiry, *id.* at 383.

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the

2

assumed errors. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We "will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (internal quotation marks omitted). "However, when the variance is a substantial one . . . we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. And the farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Id.* at 219-20 (citation, emphasis, and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). In this posture, even if we "might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

Here, Banks argues that, had the district court sustained his objections, the Guidelines range would have been 37 to 46 months. Thus, Banks's sentence was more than double the high end of the range that would have applied without all three of the assumed errors. While undoubtedly a substantial variance, this sentence was, according to the district court, necessary to serve § 3553(a)'s sentencing goals, including the need to reflect the seriousness of Banks's crimes, to afford adequate deterrence, and to protect the public by incapacitating Banks. Because the court clearly tied its sentence to the § 3553(a)

3

factors and its reasons for exceeding the Guidelines range were plausible, we find that the district court's substantial upward variance sentence is substantively reasonable. As such, any error in calculating the applicable Guidelines range was harmless.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*